## Commonwealth v. Walker.

*Fred J. Fees,* assistant district attorney, for Commonwealth.
*Raymond Fox,* for defendant, petitioner.

EVANS, P. J., December 15, 1930.—On the petition and answer in this case, it appears that the petitioner, John Walker, the defendant in the above stated case, had in operation in his place of business on February 23, 1930, a mint vending machine, a gambling device; that on said date he was arrested charged with violating the gambling laws of this state; that on March 3, 1930, he appeared in court and pleaded guilty to the indictment; that the mint vending machine and its contents are in the custody of the District Attorney in and for Cambria County; and that the petitioner has requested that there be returned to him by the district attorney the money contained in the mint vending machine. The reason given by the district attorney for his refusal to return to petitioner the money contained in the mint vending machine is that the said petitioner has failed to show any property right in the money contained in the said mint vending machine.

The petition does not allege that the money contained in the mint vending machine is the money of the said John Walker, the petitioner. It is admitted that the money was contained in a gambling machine or device taken by the officers at the time of making the arrest.

The position of the petitioner is that the Act of March 31, 1860, P. L. 382, section 60, which provides for the seizure and forfeiture of apparatus used in connection with gambling, does not include money, and, therefore, the money contained in the gambling machine should be returned to the petitioner. The act authorizes the seizure of "any device or machinery of any kind, character or description whatsoever, used and employed for the purpose of unlawful gaming," and authorizes the court, on proper proof, to adjudge the same forfeited, and to order it publicly destroyed. We believe that under the language of this act there can be no question but what it does not authorize the destruction of money contained in gambling devices, but we are not able to agree with the conclusion of the Court of Quarter Sessions of Philadelphia County in the case of Com. v. Wener et al., 10 D. & C. 315, in which it is held that money seized in connection with a gambling device should be returned to the defendant. The conclusion reached in that opinion and in the other cases cited, to the effect that the act of assembly does not authorize the destruction of the money, is not, in our judgment, in point on the question herein involved. We believe it is controlled rather by the principle stated in 27 C. J. 1045, § 259, relating to the disposition of gambling property seized, wherein it is said: "Under most statutes gaming apparatus seized as kept and used for gambling should be retained by the police authorities as evidence against accused, subject to the order of the court or justice trying him. Property so retained is in custodia legis and no action can be maintained for its recovery, unless it was improperly seized and retained."

In the present case, the gambling machine containing the money was properly seized by the officers, taken into custody by the district attorney and brought into court properly, and, being in the custody of the law, no action can be maintained for its recovery unless it was improperly seized and retained. There is no contention in this case that the gambling machine, with its contents, was improperly seized and retained.

The situation of the county in this case is somewhat similar to that of a stakeholder as between the two parties to the gambling transaction, that is, the person who places the money in the gambling device and the owner of the device. Under such circumstances, there could be no recovery at law by the owner of the device of the money contained therein, because he could not make out his case in a civil court without showing the illegal transaction whereby it came into his hands: Seidenbender et al. v. Charles's Administrators, 4 S. & R. 151. It is true that under our laws the loser in a gambling transaction might recover the money back from the stakeholder if he acts while the money is still in the hands of the stakeholder, but in this case the losing party is not in court asking for the money. It is the winner who is seeking to benefit by demanding from the stakeholder his winnings in a gambling transaction.

What shall become of this money eventually is not before us, but certainly the petitioner in this case, having shown no title or right to the money, has no standing to demand that it be turned over to him.

### Decree.

And now, December 15, 1930, after due consideration, rule is discharged at the cost of the petitioner.     From Henry W. Storey, Jr., Johnstown, Pa.